[805 NYS2d 403]

In the Matter of ANDREA HERBST (Admitted as ANDREA BIRN-BAUM HERBST), a Suspended Attorney, Respondent. GRIEV-ANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 28, 2005

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains, for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated April 8, 2005, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i), (ii) and (iii), upon a finding that she was guilty of professional misconduct immediately threatening the public interest based upon her failure to cooperate with its investigation, her substantial admissions under oath that she committed an act or acts of professional misconduct, and other uncontroverted evidence. In the course of that order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent and the issues raised were referred to the Honorable Vincent Pizzuto, as Special Referee to hear and report.

The Grievance Committee now moves to disbar the respondent upon a finding that she is in default with respect to the petition of charges served upon her. The petition contains 36 charges of professional misconduct based on allegations of gross neglect in nine different legal matters, as well as the respondent's repeated and ongoing failure to timely answer the Grievance Committee's numerous lawful demands for information about those matters. The respondent's failure to cooperate necessitated an order authorizing substituted service upon her. Shortly after service of the motion to suspend was completed, Grievance Counsel received a telephone call from one of the respondent's former law professors on February 10, 2005, inquiring whether the respondent could have additional time to reply and whether the Grievance Committee's motion would be withdrawn if timely responses to those inquiries were submitted. Grievance Counsel replied that the respondent's sole options were to file a timely reply or submit an affidavit of resignation. That afternoon, Grievance Counsel received a telephone call from another attorney who advised that the respondent wished to retain her services and had questions about the sanction to be imposed if the Grievance Committee's motion were granted on consent. The respondent failed to retain the services of that attorney but personally called the Grievance Counsel's office later that day to request an adjournment. The respondent thereafter submitted a written request to the Clerk of the Court and was granted an adjournment of time to reply.

The respondent thereafter telephoned Grievance Counsel and demanded that he withdraw the pending motion and permit her to resign from the bar in good standing.

On the morning of the adjourned date, February 22, 2005, the respondent telephoned the Grievance Committee's office to advise that although she had not yet filed her response papers with the Court, she was prepared to serve her answer within the next hour. The respondent failed to do so and the Court suspended her by decision and order on motion dated April 8, 2005. That order, which was served upon the respondent on or about April 22, 2005, required the respondent to submit an answer to the petition within 20 days. The respondent failed to submit her answer and has had no further communications with the Grievance Committee, the Court, or the Special Referee.

Although served with the Grievance Committee's motion on or about June 9, 2005, the respondent has submitted no reply.

Accordingly, the petitioner's motion to disbar the respondent on default is granted, the charges in the petition are deemed established and, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Andrea Herbst, admitted as Andrea Birnbaum Herbst, is disbarred and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Andrea Herbst, admitted as Andrea Birnbaum Herbst, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Andrea Herbst, admitted as Andrea Birnbaum Herbst, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Andrea Herbst, admitted as Andrea Birnbaum Herbst, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).